UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| PHILLIP JOHNSON §<br>*PLAINTIFF* §<br>§<br>VS. §<br>§<br>§<br>COOLEY TRANSPORT, INC., ET. AL. §<br>*DEFENDANTS* § | Civil Action No. 6:18-cv-00040 |

## CONFIDENTIALITY AND PROTECTIVE ORDER

It appearing that discovery and other matters in the above-captioned action is likely to involve the disclosure of confidential and protected private information, it is ORDERED as follows:

1. Plaintiff **PHILLIP JOHNSON** is asserting claims against the defendants for injuries and damages arising from those injuries. Accordingly, the defendants will be entitled to receive certain information and documents with Plaintiff's protected healthcare information including, but not limited to, medical records and billing and potentially deposition testimony and/or trial testimony of treating healthcare providers of plaintiff. This, however, does not change the fact that this information remains protected healthcare information of the Plaintiff.

2. This Confidentiality and Protective Order (the "Protective Order") is to preserve and protect certain documents, information, testimony, and/or other material produced during discovery as confidential as well as preserving the common law and statutory privacy rights and privileges of this personal healthcare information of Plaintiff.

3. Any and all medical records, billing records and testimony by deposition or otherwise of Plaintiff, Plaintiff's Healthcare Providers or any other testimony pertaining to Plaintiff's protected healthcare information shall be confidential and protected under this order. The following limitations on the disclosure of such confidential information should be imposed.

4. Therefore, subject to Texas Rule of Civil Procedure 76a, this Protective Order shall apply to and shall govern the treatment of all documents, information, testimony and/or material designated by the parties for protection pursuant to the provisions of this Protective Order, including, inter alia, documents, deposition and/or trial testimony and exhibits, responses to written discovery requests, data, charts, photographs, film or other media, and all other written, recorded, computerized, electronic or graphic matter, or any information contained therein or derived therefrom, arising from or relating in any respect to Plaintiff's protected healthcare information related to the above-referenced Cause (hereinafter referred to as "Confidential Information"). Any Confidential Information shall be used only in connection with the prosecution or defense of this litigation and may be disclosed only as follows:

a.  Confidential Information may be disclosed to Parties, employees of the Parties, their attorneys (including in-house counsel), and to members of the paralegal, secretarial or clerical staff (including shorthand reporters and videographers) assisting such counsel, the Court, court personnel, any jury impaneled in this case, and any mediator used in this case.

b.  Counsel may disclose such Confidential Information to independent experts specifically retained for the purposes of this litigation. Such experts shall agree to be bound by the terms and provisions of this Protective Order.

c.  The Parties are specifically prohibited from using or disclosing any protected health information for any purpose other than this litigation or proceeding.

5. Except as limited below, Confidential Information may be used or elicited in depositions in this litigation. However, such Confidential Information may not be used for any purpose outside of this litigation.

6. The Parties shall use reasonable care not to disclose Confidential Information in the public record regarding this proceeding. In the event that confidential information is filed with the Court and subject to being public record, then the parties shall file said records in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

**IN ACCORDANCE WITH A CONFIDENTIALITY AND PROTECTIVE ORDER THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE USED FOR ANY PURPOSE OUTSIDE OF THIS LITIGATION**

7. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination, discussion or disclosure of Confidential Information shall continue to be binding. It is stipulated and agreed that the Court shall retain jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following termination of this litigation.

8. All such protected information shall be returned to Plaintiff at the conclusion of this litigation or destroyed. Defendants will provide written confirmation of such at conclusion of this litigation.

9. Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

10. This Protective Order shall be binding upon the Parties hereto, their successors, representatives and assigns, as well as all counsel for the Parties hereto and their agents, consultants, retained experts, employees and staff. Once signed, this Protective Order shall serve

as a binding Rule 11 Agreement pursuant to the Texas Rules of Civil Procedure.

11. The provisions of this Protective Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

12. The Court will retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Protective Order.

13. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

Thomas J. Henry
State Bar No. 09484210
James Martin
State Bar No. 13077700
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Attorneys for Plaintiff

Douglas E. Chaves
State Bar No. 04161400
CHAVES, OBREGON & PERALES, L.L.P.
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78470
Phone: (361) 884-5400
Email: dchaves@cprlawfirm.com
Attorney for Defendants

It is so ORDERED.

SIGNED on this 15th day of November, 2018.

Kenneth M. Hoyt
United States District Judge